**In the MATTER OF: Carl L. EPSTEIN, Respondent**

**Supreme Court Case No. 49S00–1604–DI–192**

Supreme Court of Indiana.

Filed Dec. 20, 2017

Loretta H. Rush, Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable Timothy W. Oakes, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts and procedural history:** Respondent represented "Defendant" pending trial on multiple counts of child molesting and child solicitation. At some point, Defendant began recording phone conversations he had with Respondent. During those conversations, Respondent bragged about his personal relationships with judges in a manner that implied he had the ability to improperly influence judges. Respondent also spoke in pejorative terms about another client's race, and in multiple conversations he discussed with Defendant the option of fleeing the jurisdiction to avoid or delay criminal prosecution.

After the Commission filed its complaint against Respondent, the parties filed a "Joint Motion to Set Matter for a Sanction Hearing" in which Respondent stipulated to having committed misconduct as charged. By agreement of the parties, the final hearing in this matter was converted to a hearing on sanction alone. Following issuance of the hearing officer's report, neither party filed in this Court a petition for review or brief on sanction.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(d): Counseling or assisting a client in conduct the lawyer knows to be criminal or fraudulent.

8.4(e): Stating or implying an ability to influence improperly a government agency or official.

8.4(g): Engaging in conduct that was not legitimate advocacy, in a professional capacity, manifesting bias or prejudice based upon race, gender, religion, national origin, disability, sexual orientation, age, socioeconomic status, or similar factors.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, beginning January 25, 2018.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(18)(b)(3).

The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.